UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CLAUDETTE THOMPSON, )
)
)
Plaintiff, )
)
v. )
)
)
UNITED STATES OF AMERICA, and )
ADVOCATE HEALTH AND HOSPITALS )
CORPORATION, A Corporation d/b/a )
ADVOCATE TRINITY HOSPITAL, )
)
Defendants. )
)

## COMPLAINT AT LAW

Plaintiff, CLAUDETTE THOMPSON, by her attorneys, D & W LAW GROUP, P.C., complaining of Defendants, UNITED STATES OF AMERICA, and ADVOCATE HEALTH AND HOSPITALS CORPORATION, A Corporation d/b/a ADVOCATE TRINITY HOSPITAL, A Corporation, states as follows:

1. Plaintiff brings this complaint against the United States of America pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 1346(b).

2. Plaintiff originally filed suit in this matter in Cook County Circuit Court on April 10, 2018 against MAJORIE MICHEL, M.D. in addition to Defendant ADVOCATE. This matter was removed to this Court and assigned case number 18 C 6980 after Defendant UNITED STATES OF AMERICA asserted that at all times relevant Dr. Michel was an employee of Chicago

Family Health Center, a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. §233.

3. Defendant UNITED STATES OF AMERICA substituted in as the proper defendant in place of Dr. Michel and filed a motion to dismiss for Plaintiff's failure to exhaust administrative remedies pursuant to 28 U.S.C. §2675(a). That motion was granted, as Plaintiff had not yet presented the claim to the Department of Health and Human Services.

4. Plaintiff has now done so and had her claim denied. See attached Exhibit A. Plaintiff's position is that this filing is timely as it was equitably tolled by her initial filing in Cook County Circuit Court, in addition to the time required to present her claim to DHHS and receive a response, in addition to this lawsuit being filed within six months of having received that response from the DHHS, which was dated June 11, 2019. See *United States v. Wong*, 135 S. Ct. 1625 (2015).

5. This Court has jurisdiction over this claim against the United States for money damages pursuant to 28. U.S.C. §1346(b)(1).

6. The acts or omissions giving rise to the claim occurred in the Northern District of Illinois. Venue is therefore proper under 28 U.S.C. §1402(b).

## COUNT I: CLAUDETTE THOMPSON v. UNITED STATES OF AMERICA

7. On or about April 21, 2016, Defendant, UNITED STATES OF AMERICA, by and through their agent and employee, MAJORIE MICHEL, M.D., provided medical care to patients at ADVOCATE TRINITY HOSPITAL located at or near 2320 E. 93rd Street, in the City of Chicago, State of Illinois.

8. On or about April 21, 2016, MAJORIE MICHEL, M.D., was an actual and/or apparent agent and employee of Defendant, UNITED STATES OF AMERICA.

9. On or about April 21, 2016 MAJORIE MICHEL, M.D., had a duty to conform to the appropriate standard of medical care in the management and treatment of patients.

10. On or about April 21, 2016, Plaintiff, CLAUDETTE THOMPSON, underwent a total abdominal hysterectomy and lysis of adhesions performed by MAJORIE MICHEL, M.D. at ADVOCATE TRINITY HOSPITAL.

11. On or about April 21, 2016, Plaintiff, CLAUDETTE THOMPSON, sustained a burn on the lower right abdomen area near the point of surgery performed by MAJORIE MICHEL, M.D., while undergoing the abovementioned surgery.

12. On or about April 21, 2016, Defendant, MAJORIE MICHEL, M.D., Individually breached her duty to conform to the standard of care in one or more of the following ways:

 a. Carelessly and negligently caused the Plaintiff to suffer burns during the subject surgery;

 b. Carelessly and negligently failed to use the proper care in positioning and/or using adequate grounding pads;

 c. Carelessly and negligently failed to use proper cauterizing procedures while providing care and treatment to Plaintiff; and

 d. Was otherwise careless and negligent.

13. As a proximate cause the above stated acts and omissions by Defendant, MAJORIE MICHEL, M.D., Plaintiff, CLAUDETTE THOMPSON, suffered severe, painful and disfiguring injury.

14. Attached hereto is an affidavit of one of Plaintiff's attorneys pursuant to 735 ILCS Section 5/2-622.

WHEREFORE, Plaintiff, CLAUDETTE THOMPSON, demands judgment against Defendant, MAJORIE MICHEL, M.D., in excess of $75,000.00.

## COUNT II: CLAUDETTE THOMPSON v. ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL

15. On or about April 21, 2016, Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, through its actual and/or apparent agents, provided medical care to patients at ADVOCATE TRINITY HOSPITAL located at or near 2320 E. 93rd Street, in the City of Chicago, State of Illinois.

16. On or about April 21, 2016, Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, through its actual and/or apparent agents, had a duty to conform to the appropriate standard of medical care in the management and treatment of patients.

17. On or about April 21, 2016, Plaintiff, CLAUDETTE THOMPSON, underwent a total abdominal hysterectomy and lysis of adhesions performed by MAJORIE MICHEL, M.D. and others at ADVOCATE TRINITY HOSPITAL.

18. On or about April 21, 2016, Plaintiff, CLAUDETTE THOMPSON, sustained a burn on the lower right abdomen area near the point of surgery by MAJORIE MICHEL, M.D. and others acting as actual and apparent agents of Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL.

19. On or about April 21, 2016, Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, though its actual and/or apparent agents, breached its duty to conform to the standard of care in one or more of the following ways:

a. Carelessly and negligently caused the Plaintiff to suffer burns during the subject surgery;

b. Carelessly and negligently failed to use the proper care in positioning and/or using adequate grounding pads;

   c. Carelessly and negligently failed to use proper cauterizing procedures while providing care and treatment to Plaintiff; and

   d. Was otherwise careless and negligent.

20. As a proximate cause of the above acts and omissions by the actual and/or apparent agents of Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, Plaintiff, CLAUDETTE THOMPSON, suffered severe, painful and disfiguring injury.

21. Attached hereto is an affidavit of one of Plaintiff's attorneys pursuant to 735 ILCS Section 5/2-622.

   WHEREFORE, Plaintiff, CLAUDETTE THOMPSON, demands judgment against Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, in excess of $75,000.00.

## COUNT III: RES IPSA LOQUITUR – UNITED STATES OF AMERICA

1. On or about April 21, 2016, MAJORIE MICHEL, M.D. was a physician licensed to practice in the state of Illinois.

2. On or about April 21, 2016, Defendant, MAJORIE MICHEL, M.D. was acting as an actual and/or apparent agent of UNITED STATES OF AMERICA when she performed the surgery on Plaintiff, CLAUDETTE THOMPSON, at ADVOCATE TRINITY HOSPITAL located at or near 2320 E. 93rd Street, in the City of Chicago, State of Illinois.

3. On or about April 21, 2016, Plaintiff, CLAUDETTE THOMPSON, underwent a total abdominal hysterectomy and lysis of adhesions at ADVOCATE TRINITY HOSPITAL.

4. At the time of surgery, Plaintiff, CLAUDETTE THOMPSON, was caused to suffer severe burns in the lower abdominal area at or near the point of surgery.

COUNT IV: **RES IPSA LOQUITUR – ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL**

1. On or about April 21, 2016, Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, through its actual and/or apparent agents, provided medical care to patients at ADVOCATE TRINITY HOSPITAL located at or near 2320 E. 93rd Street, in the City of Chicago, State of Illinois.

2. On or about April 21, 2016, Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, through its actual and/or apparent agents, had a duty to conform to the appropriate standard of medical care in the management and treatment of patients.

5. The burns suffered by Plaintiff, CLAUDETTE THOMPSON, during the above-stated surgery are injuries that would not normally occur in the ordinary course of events, absent negligence.

6. MAJORIE MICHEL, M.D., was in control of the instruments and/or management of the Plaintiff, CLAUDETTE THOMPSON, when the subject burns were caused during the surgery.

7. Plaintiff, CLAUDETTE THOMPSON did not undertake any actions that caused or contributed to the severe burns she suffered.

8. As a proximate cause of the actions of MAJORIE MICHEL, M.D., the Plaintiff, CLAUDETTE THOMPSON, has suffered severe, painful and disfiguring injury.

9. Attached hereto is an affidavit of one of Plaintiff's attorneys pursuant to 735 ILCS Section 5/2-622.

WHEREFORE, Plaintiff, CLAUDETTE THOMPSON, demands judgment against Defendant, UNITED STATES OF AMERICA in excess of $75,000.00.

3. On or about April 21, 2016, Plaintiff, CLAUDETTE THOMPSON, underwent a total abdominal hysterectomy and lysis of adhesions performed by MAJORIE MICHEL, M.D. and others at ADVOCATE TRINITY HOSPITAL.

4. At the time of surgery, Plaintiff, CLAUDETTE THOMPSON, was caused to suffer severe burns in the lower abdominal area at or near the point of surgery.

5. The burns suffered by Plaintiff, CLAUDETTE THOMPSON, during the above-stated surgery are injuries that would not normally occur in the ordinary course of events, absent negligence.

6. Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, through its actual or apparent agents, was in control of the instruments and/or management of the Plaintiff, CLAUDETTE THOMPSON, when the subject burns were caused during the surgery.

7. Plaintiff, CLAUDETTE THOMPSON did not undertake any actions that caused or contributed to the severe burns she suffered.

8. As a proximate cause of the actions of Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, through its actual or apparent agents, the Plaintiff, CLAUDETTE THOMPSON, has suffered severe, painful and disfiguring injury.

9. Attached hereto is an affidavit of one of Plaintiff's attorneys pursuant to 735 ILCS Section 5/2-622.

WHEREFORE, Plaintiff, CLAUDETTE THOMPSON, demands judgment against Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, in excess of $75,000.00.

Respectfully submitted,
Plaintiff, CLAUDETTE THOMPSON,

By: _____
SCOTT B. WOLFMAN,
One of Plaintiff's Attorneys

D & W LAW GROUP, P.C.
641 W. Lake Street, Suite 400
Chicago, Illinois 60661
Ph# 312/2517-11700
Attorney Code: 28765

## Certificate of Merit

I am a physician licensed to practice in internal medicine. I have practiced and taught in the area of internal medicine for greater than six years.

I have reviewed the medical records for Claudette Thompson and it is my opinion that Dr. Marjorie Michel and agents of Advocate Health and Hospitals Corporation deviated from the standard of care in their treatment of Claudette Thompson.

On April 21, 2016, Ms. Thompson was treated with a surgical procedure at Trinity Hospital. She was scheduled for a total abdominal hysterectomy and lysis of adhesions. During the procedure, it appears as though Ms. Thompson suffered a burn on her lower right abdomen, near the point of surgery. There is no definitive explanation in the operative report, but this event should have not occurred. Either there were issues with the equipment, issues with positioning or surgical error. All three of these would constitute deviations from the standard of care as this surgical outcome cannot occur in the absence of negligence. As there is no explanation in the chart, I will need statements of the healthcare providers to identify what specifically happened in this case, but the fact that Ms. Thompson suffered a surgical burn during the procedure is, in itself, a deviation from the standard of care as it should not happen, absent a negligent act.

Therefore, it is my opinion that a meritorious case exists.

_____

D&W LAW GROUP
641 W. Lake Street, Suite 400
Chicago, Illinois 60661
Ph# 312 258-1800
Attorney Code: 28765