UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAUDETTE THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, and ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE TRINITY HOSPITAL, <br><br> Defendants. | Case No. 19-cv-08065 <br><br> Judge Martha M. Pacold |

**MEMORANDUM OPINION AND ORDER**

This medical malpractice case raises the question whether the Westfall Act's savings clause applies in a Public Health Service Act case. Because the court concludes that the savings clause does not apply here, the government's motion to dismiss [20][1] is granted. Plaintiff and Defendant Advocate Trinity Hospital are ordered to file briefs of no more than five pages by April 14, 2023, addressing the basis for the court's jurisdiction now that the government is dismissed from this case. Advocate Trinity's motion to dismiss [7] remains under advisement.

I

As this case is at the motion to dismiss stage, the court accepts as true all factual allegations in plaintiff's complaint and draws all reasonable inferences in her favor. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). The court does not assume the soundness of the complaint's legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).

Plaintiff Claudette Thompson suffered burns while undergoing a hysterectomy at Advocate Trinity Hospital in Chicago on April 21, 2016. [1] ¶¶ 7, 10, 11, 12(a), 18, 19(a). Dr. Marjorie Michel performed the surgery. *Id.* ¶ 10.

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph numbers. Page numbers refer to the CM/ECF page number.

Plaintiff first filed suit (a prior lawsuit) on April 10, 2018, when plaintiff sued Dr. Michel and Advocate Trinity in state court, alleging that the doctor's and hospital's negligence caused her injuries. [7] at 7–13. The United States removed the case to federal court because Chicago Family Health Center, Inc. "is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233," and Dr. Michel "was acting within the scope of her employment at Chicago Family Health Center with respect to the incidents referred to in the complaint." *Thompson v. Advocate Health & Hosps. Corp.*, No. 18-cv-6980, Dkt. 1, ¶¶ 1–2 (N.D. Ill. Oct. 17, 2018) (notice of removal and substitution). In addition, the United States gave notice that under § 233(c), the case was deemed an action against the United States and the United States was substituted as the sole federal defendant in place of Dr. Michel. *Id.* ¶ 4. The government moved to dismiss for failure to exhaust administrative remedies as required by the Federal Tort Claims Act (FTCA). Thompson did not file a response. On March 21, 2019, the district court dismissed the case without prejudice to refiling after exhausting administrative remedies. *Thompson*, No. 18-cv-6980, Dkt. 20 (N.D. Ill. Mar. 21, 2019).

While that lawsuit was pending, on March 5, 2019, plaintiff filed with the United States Department of Health and Human Services ("HHS") an administrative tort claim under the FTCA alleging that Dr. Michel and Chicago Family Health Center were negligent in performing the surgery. [1-1] at 1. On June 11, 2019, HHS denied the claim as untimely under the FTCA, on the basis that the "administrative tort claim was received by [HHS] on March 5, 2019, more than two years after the date on which it accrued." *Id.*

Plaintiff filed this suit against the United States and Advocate Trinity Hospital approximately six months later. [1] at 1. Both defendants have moved to dismiss under Rule 12(b)(6). [7], [20].[2]

II

Four statutes form the legal background for this case.

*Public Health Service Act.* In an ordinary negligence case, a plaintiff sues the defendant(s) that the plaintiff alleges caused the plaintiff harm. *See generally* Restatement (Second) of Torts § 430 (Am. L. Inst. 1965). But under the Public Health Service Act (PHSA), if a plaintiff asserts that a doctor's negligence caused her personal injury, the doctor was acting within the scope of the doctor's employment, and the doctor was a commissioned officer or employee of the Public Health Service, then the suit is deemed as being against the federal government,

---

[2] The government's motion cites both Rules 12(b)(1) and 12(b)(6). [20] at 1. Because the FTCA's statute of limitations is not jurisdictional, *United States v. Wong*, 575 U.S. 402, 420 (2015), and that statute is the basis for the government's motion, [21] at 1, the motion falls under Rule 12(b)(6) rather than Rule 12(b)(1).

2

the government can remove the case to federal district court, and the plaintiff's exclusive remedy is the Federal Tort Claims Act. *See* 42 U.S.C. § 233(a), (c). Congress first enacted these provisions in 1970. Emergency Health Personnel Act of 1970, Pub. L. 91-623, § 233(a), (c), 84 Stat. 1868, 1870.

*Federally Supported Health Centers Assistance Act*. In 1992, Congress amended the PHSA to cover claims against doctors sued based on acts within the scope of their employment at entities receiving federal funds under certain grant programs. Federally Supported Health Centers Assistance Act of 1992, Pub. L. 102-501, sec. 2(a), § 233(g), 106 Stat. 3268, 3268–69. If a doctor works for an entity receiving federal funds under the Act, she is "deemed" an employee of the Public Health Service, and the same rules stated above apply. 42 U.S.C. § 233(g)(1)(A), (g)(1)(B)(i), (g)(4). Plaintiff does not dispute that Dr. Michel was an employee of Chicago Family Health Center when she performed the surgery, that she was acting in the scope of her employment when doing so, or that Chicago Family Health Center is a deemed Public Health Service entity under § 233(g). *See* [1] ¶¶ 2, 7.

*Federal Tort Claims Act*. The United States possesses sovereign immunity, such that suits against it are generally barred unless it waives that immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). In the FTCA, Congress crafted a limited waiver of sovereign immunity for negligent and wrongful acts of federal employees. *See* 14 Charles Alan Wright et al., *Federal Practice and Procedure* § 3658 (4th ed. 2022). The FTCA requires a plaintiff to present her claim to the relevant federal agency within two years of its accrual or else it is time barred. 28 U.S.C. §§ 2401(b), 2675(a). This statute of limitations is not jurisdictional, so it is eligible for equitable tolling. *Wong*, 575 U.S. at 407–12.

*Westfall Act*. Congress substantially amended the FTCA in the Federal Employees Liability Reform and Tort Compensation Act of 1988, better known as the Westfall Act. Pub. L. 100-694, 102 Stat. 4563 (1988); 14 Wright et al., *supra*, § 3658 & nn.121–25. Most relevant here, section 6 of the Westfall Act amended 28 U.S.C. § 2679(d) to deem claims timely if the plaintiff filed a civil action before the FTCA's two-year limitations period ran, that action was dismissed for failure to present the claim to the appropriate agency, and the plaintiff presented the claim to the appropriate agency within 60 days after the civil action was dismissed. 28 U.S.C. § 2679(d)(5).

A

Turning to the parties' arguments, the government argues as follows: Dr. Michel is deemed a Public Health Service employee because she was working for an entity receiving federal grant program funds when she performed the April 21, 2016 surgery. [21] at 1 (citing 42 U.S.C. § 233(g)). Plaintiff's exclusive remedy is thus the FTCA. *Id.*; *see* 42 U.S.C. § 233(a). Under the FTCA, Thompson had to file her claims with HHS by April 21, 2018, two years after they accrued. [21] at 1 (citing

3

28 U.S.C. § 2401(b)). Because she did not file with HHS until March 5, 2019 (over ten months after the limitations period ran), her claims are untimely. *See* 28 U.S.C. § 2401(b).

B

Plaintiff disputes none of these points except the last. She marshals two arguments that her claims against the United States are timely. First, she argues that the Westfall Act's savings clause, 28 U.S.C. § 2679(d)(5), applies to her claims and saves them. [24] at 2–5. She contends that because she filed her state court suit (the first suit) before the two-year limitations period in § 2401(b) ran and she then filed her administrative claim before her first suit was dismissed, her claims fall within the savings clause. *See id.* Alternatively, she argues that her claims qualify for equitable tolling. *Id.* at 5–7; *see Wong*, 575 U.S. 407–12. Neither argument is persuasive.

1

The Westfall Act's savings clause does not apply given its plain text. The clause reads in full:

> (5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—
>
> > (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> >
> > (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5).

Plaintiff's argument that this language applies to her claim relies on a cross-reference and statutory history. [24] at 3–4. The PHSA references the FTCA by making the latter the exclusive remedy for a plaintiff alleging she was harmed by Public Health Service medical personnel acting within the scope of their employment. 42 U.S.C. § 233(a) (citing 28 U.S.C. §§ 1346(b), 2672). The Westfall Act amended the FTCA and added, among other things, the savings clause. *See* § 6, 102 Stat. at 4564–65; 14 Wright et al., *supra*, § 3658.1 n.75 and accompanying text. On plaintiff's view, because the PHSA references the FTCA as the exclusive remedy for plaintiffs, and because the Westfall Act amended the FTCA and added the savings clause, the savings clause applies to claims where the United States is substituted under the PHSA.

4

The text does not support this view. The nouns "action" and "proceeding" in the savings clause are modified by the phrase "in which the United States is substituted as the party defendant *under this subsection.*" 28 U.S.C. § 2679(d)(5) (emphasis added). The phrase "this subsection" can only refer to subsection (d) of § 2679, the subsection in which the savings clause is located. Specifically, § 2679(d)(1)–(3) provide for substitution of the United States in various circumstances. When § 2679(d)(5) refers to substitution "under this subsection," that refers to substitution under § 2679(d)(1)–(3).

The United States was substituted as the party defendant under a *different* subsection (indeed, a different statutory provision altogether): 42 U.S.C. § 233(c)—not 28 U.S.C. § 2679(d). Section 233(c) instructs that a suit originally brought in state court is "deemed a tort action brought against the United States under the provisions of title 28 and all references thereto" if the Attorney General certifies that the defendant was acting in the scope of her employment at the time of the incident underlying the suit. 42 U.S.C. § 233(c). That is the provision on which the government relied in removing the first case from state court and substituting the United States as defendant. *Thompson*, No. 18-cv-6980, Dkt. 1, ¶¶ 1–2, 4 (N.D. Ill. Oct. 17, 2018) (notice of removal and substitution).

This way of reading § 233 and § 2679(d) comports with the Supreme Court's approach in *Hui v. Castaneda*, 559 U.S. 799 (2010). *Hui* held that Public Health Service officers and employees are not subject to *Bivens* actions for harms arising out of acts within the scope of their employment. 559 U.S. at 802. *Hui* reasoned that § 233(a) barred *Bivens* actions against these employees because § 233(a) makes the FTCA the "exclusive" remedy for harms occurring due to those acts. *Id.* at 805–07. Resisting this reading, respondents relied on the Westfall Act, in particular, 28 U.S.C. § 2679(b)(2)(A). *Id.* at 809–11. That subparagraph preserves the availability of *Bivens* actions against federal officers. 28 U.S.C. § 2679(b)(2)(A). *Hui* declined to read the Westfall Act as impliedly repealing the exclusivity of the FTCA remedy in § 233(a) simply because the Westfall Act amended the FTCA and the PHSA (in § 233(a)) references the FTCA. *See Hui*, 559 U.S. at 808–10. *Hui* explained that § 233(a) does not incorporate all of the FTCA as amended by the Westfall Act; it only incorporates the portions of the FTCA that establish the FTCA's remedy. *Id.* at 809.

Thus, to determine whether the PHSA incorporates by reference a provision of the FTCA, the court asks whether the FTCA provision "establish[es] the FTCA remedy." *Id.* The savings clause, § 2679(d)(5), is not a remedial provision. The PHSA specifically references "[t]he remedy against the United States provided by sections 1346(b) and 2672 of title 28." 42 U.S.C. § 233(a). Those two provisions of the FTCA create mechanisms by which a person can receive money damages from the United States for injuries (in court and via administrative adjustment). *Cf. Hui*, 559 U.S. at 808–09. The savings clause merely preserves a plaintiff's ability to receive an FTCA remedy for what would otherwise be an untimely claim. 28 U.S.C.

5

§ 2679(d)(5). The clause does not "establish" the FTCA remedy, and thus, it falls outside § 233(a)'s reference to § 1346(b). *See Hui*, 559 U.S. at 809.

Dicta in *Hui* bolster the government's position that § 233(a) does not incorporate the savings clause by reference. The respondents there argued that to invoke immunity under § 233(a), the employees had to rely on § 2679(d)'s scope certification procedure, which incorporates the FTCA's limitations and exceptions, such as the *Bivens*-preservation clause. *Id.* at 810–11. But the Court rejected this argument, explaining that while scope certification is a "convenient mechanism" to establish that the acts alleged occurred in the scope of the employee's duties, "the procedure authorized by § 2679(d) is *not necessary to effect substitution of the United States*." *Id.* at 811 (emphasis added). Section 233(c) contemplates substitution for cases originating in state court, which is exactly what happened in this case. *Cf. id.* at 810 n.9; *Thompson*, No. 18-cv-6980, Dkt. 1, ¶¶ 1–2, 4 (N.D. Ill. Oct. 17, 2018) (notice of removal and substitution). As in *Hui*, the government did not need to rely on § 2679(d) to "effect substitution of the United States." *Hui*, 559 U.S. at 811. The substitution occurred under § 233, making the savings clause inapplicable.

*Evans v. United States*, No. 22-cv-1627, 2022 WL 17976165 (N.D. Ill. Dec. 28, 2022), reached the same conclusion as here. *But see Bilonda v. United States*, No. CV-22-01718, 2022 WL 17689165, at *2 (D. Ariz. Dec. 15, 2022); *Brooks v. HSHS Med. Grp., Inc.*, 513 F. Supp. 3d 1069, 1085–86 (S.D. Ill. 2021); *Booker v. United States*, No. 13-1099, 2015 WL 3884813, at *6 (E.D. Pa. June 24, 2015). The court agrees with *Evans*'s analysis of the savings clause's plain text, which unambiguously limits its application to cases in which the United States is substituted under § 2679(d). *See Evans*, 2022 WL 17976165, at *4.

As *Evans* noted, some Seventh Circuit cases have assumed in dicta that the Westfall Act's savings clause applies in cases where the United States is substituted pursuant to § 233. *Evans*, 2022 WL 17976165, at *3 (citing *Chronis v. United States*, 932 F.3d 544, 549 n.5 (7th Cir. 2019); *Blanche v. United States*, 811 F.3d 953, 958 (7th Cir. 2016); *Arroyo v. United States*, 656 F.3d 663, 668 (7th Cir. 2011)). But more recent authority has confirmed that the Westfall Act's application in § 233 cases is an open question in the Circuit. *Evans*, 2022 WL 17976165, at *3 (citing *P.W. ex rel. Woodson v. United States*, 990 F.3d 515, 522 n.4 (7th Cir. 2021)). And, as *Evans* explained, "dicta cannot defeat a statute's plain text." 2022 WL 17976165, at *3 (citing *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2498 (2022)).

In short, the United States was substituted not under § 2679(d), but under a different subsection of a different statute. Thus, by its plain terms, the Westfall Act's savings clause does not apply.

6

2

Nor does equitable tolling apply. A plaintiff is entitled to equitable tolling if plaintiff establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Here, there was no extraordinary circumstance.

Plaintiff argues that her difficulty in determining that Chicago Family Health Center was a deemed Public Health Service entity under § 233(g) constitutes an extraordinary circumstance. [24] at 6–7. But as the government noted in its reply brief, [27] at 6, the Seventh Circuit rejected an identical argument in *Arteaga v. United States*, 711 F.3d 828, 833–35 (7th Cir. 2013). As here, the plaintiff there did not allege that the entity concealed its status or intentionally deceived her about it. And as here, information about the entity's status was on its publicly available website. *Id.* at 833–34; [24] at 6–7.[3] *Arteaga* relied on the availability of HHS's online search tool for deemed Public Health Service health centers. *Arteaga*, 711 F.3d at 834.[4]

*Arteaga* stated that equitable tolling might be available in some cases where a plaintiff cannot discover the federal status of a healthcare provider. *Id.* at 835. For that proposition, the court drew on the facts of *Santos ex rel. Beato v. United States*, 559 F.3d 189 (3d Cir. 2009), in which the Third Circuit equitably tolled the FTCA's two-year limitations period. But unlike this case, the healthcare provider in *Santos* had *no* publicly available information indicating that it was a deemed Public Health Service entity; its website only stated that it received federal funds. *Id.* at 203. In April 2016, when plaintiff's claim accrued, Chicago Family Health Center's "About Us" webpage stated, "This health center is a Health Center Program grantee under 42 U.S.C. 254b, and a deemed Public Health Service employee under 42 U.S.C. 233(g)-(n)."[5] This case is thus analogous to *Arteaga* rather than *Santos*.

---

[3] A link to Chicago Family Health Center's website from April 2016 is in plaintiff's response brief, [24] at 7, and here:
http://web.archive.org/web/20160425183638/http:/www.chicagofamilyhealth.org/about-us.
[4] The link in *Arteaga* is no longer functional. However, HHS's website provides a similar search. *See* HRSA Data Warehouse, "Find a Health Center,"
https://findahealthcenter.hrsa.gov/ (last visited Mar. 29, 2023). When searching "Chicago Family Health Center," multiple locations populate. *See id.*
https://findahealthcenter.hrsa.gov/?zip=Chicago%252C%2BIL%252C%2BUSA%2B(Cook%2BCounty)&radius=20&incrementalsearch=false&filteredText=chicago%2Bfamily%2Bhealth%2Bcenter (last visited Mar. 29, 2023).
[5] *See* n.3, *supra*.

III

The government's motion to dismiss [20] is granted. Defendant United States of America is terminated. The court expresses no view on the merits of Defendant Advocate Trinity's motion to dismiss. [7]. Plaintiff and Defendant Advocate Trinity are directed to file by April 14, 2023, briefs of no more than five pages addressing the court's jurisdiction now that the United States has been dismissed from this action.

Dated: March 31, 2023                              /s/ Martha M. Pacold